**IMPORTANT NOTICE: Courtesy copies of documents you file should NOT be provided to any judge. All communications with the court SHALL ONLY be by document filed with the Clerk of Court.**

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JOE LOUIS CHAMPION,<br>　　　　Plaintiff | CIVIL ACTION<br>SECTION "P"<br>09-cv-01655 |
| VERSUS | |
| UNITED STATES OF AMERICA, et al.,<br>　　　　Defendants | JUDGE JAMES T. TRIMBLE<br>MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before this court is a complaint filed pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, on September 16, 2009, by pro se plaintiff Joe Louis Champion ("Champion"). The named defendants are the United States of America and U.S. Attorney General Eric Holder ("Holder"). Champion alleges that, while he was incarcerated in the United States Penitentiary in Pollock, Louisiana ("USP-Pollock"), he was injured in an attack by another inmate when a prison guard left his post unattended for thirty-five to forty minutes; Champion alleges there was no duress button in that area. The other inmate (Marcellus Aterberry) stabbed Champion in the chest, arm, and leg with a homemade ice pick and a knife between 9:20 p.m. and 9:25 p.m. on February 25, 2008. Champion further contends he received inadequate medical care for his injuries because, although his wounds were cleaned, he was not given x-rays or pain medication. For relief, Champion asks for

monetary damages.

Defendants filed a motion to dismiss and motion for summary judgment (Doc. 10). Champion filed an affidavit that is titled "motion for summary judgment" (Doc. 15), to which defendants responded (Doc. 17). The parties' motions are now before the court for disposition.

## Law and Analysis

### U.S. Attorney General Holder

Champion named U.S. Attorney General Eric Holder as a defendant in his FTCA action. To sue successfully under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, a plaintiff must name the United States as the sole defendant. McGuire v. Turnbo, 137 F.3d 321, 324 (5th Cir. 1998), citing Atorie Air, Inc. v. Federal Aviation Administration, 942 F.2d 954, 957 (5th Cir. 1991). Since Holder was improperly named as a defendant in this action, defendants' motion to dismiss should be granted as to Holder.

### Rule 12(b)(1) Motion to Dismiss

Defendants filed a motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. rule 12(b)(1) (Doc. 10).

Lack of subject matter jurisdiction may be found on any one of the following basis: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3)

2

the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.  Robinson v. TCI/US West Communications, Inc., 117 F.3d 900 (5th Cir. 1997) (Citations omitted).  In examining a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), the district court is empowered to consider matters of fact which may be in dispute.  Ultimately, a 12(b)(1) motion should be granted only if it appears that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief.

Th United States contends this court lacks subject matter jurisdiction because it is entitled to discretionary function immunity.

As the sovereign, the United States is immune from suit unless, and only to the extent that, it has consented to be sued. Truman v. U.S., 26 F.3d 592, 594 (5th Cir. 1994).  Through enactment of the FTCA, the government has generally waived its sovereign immunity from tort liability for the negligent or wrongful acts of omissions of its agents who act within the scope of their employment.  Specifically, the FTCA allows the government to be held liable in tort for any negligent or wrongful act or omissions of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission

occurred. 28 U.S.C. § 1346(b).

There are, however, exceptions to the waiver of sovereign immunity in the FTCA. See 28 U.S.C. § 2680(a)-(n). The exceptions to the to the FTCA's waiver of sovereign immunity that appear in Section 2680 limit the federal court's jurisdiction to hear FTCA claims and, if applicable, bar a suit brought against the government.

Champion alleges he was assaulted by another federal inmate when a BOP prison guard allegedly left his post for 35 to 40 minutes to watch television. Champion contends that, after the incident was investigated, the guard was suspended for having left his post (Doc. 15). The United States argues it is entitled to discretionary function immunity because the officer was exercising his discretion in leaving his post, and because prison administrators are given wide-ranging deference in running their prisons.

The waiver of sovereign immunity under the FTCA does not apply to "discretionary functions" of the government. 28 U.S.C. 2680(a). The government is not liable for any claim arising from the exercise of discretion in the performance of governmental functions or duty whether or not the discretion involved is abused. <u>Sutton v. U.S.</u>, 819 F.2d 1289 (5th Cir. 1987), and cases cited therein.

The discretionary function exception covers only acts that are discretionary in nature, acts that involve an element of judgment

or choice, and it is the nature of the conduct, rather than the status of the actor, that governs whether the exception applies. U.S. v. Gaubert, 499 U.S. 315, 111 S.Ct. 1267, 1273 (1991), and cases cited therein. In Castro v. U.S., 560 F.3d 381, 387 (5th Cir. 2009), on rehearing, __F.3d__ (5th Cir. 6/2/2010), and cases cited therein, the court stated that it is the nature of the conduct and not the status of the government actor that governs whether the discretionary function exception applies. The court further explained that, if a law enforcement officer exceeds the scope of his authority, such action does not fall within the discretionary function exception of Section 2680(a). If a law enforcement officer violates one's constitutional rights, and therefore his actions fall outside the scope of his authority, the discretionary exception does not apply. Castro, 560 F.3d at 389. In determining the scope of the officer's discretionary authority, the court applied the principle that, even though governmental actors have wide discretion to carry out their statutory and regulatory obligations, courts have never interpreted delegated authority so broadly as to infringe upon constitutionally protected rights and freedoms. Castro, 560 F.3d at 391.

Clearly, the exercise of discretion necessarily implies the exercise of one's decision-making authority within the scope of one's duties. The United States contends BOP officers are allowed to leave their posts for short periods of time to do things like

5

use the bathroom, patrol the Sally-port area, receive incoming inmates, or confer with other officers. Since the United States did not include leaving one's post to watch television for half an hour, or anything else of that nature, in that list, it is presumably not one of the reasons officers are permitted to leave their posts. Therefore, a decision to do so would be outside the scope of the officer's duties and decision-making authority. Moreover, the United States does not define what is meant by a short period of time and whether the 35 to 40 minutes alleged by Champion is considered a short period of time to leave a guard post unattended. Finally, the United States has not clarified whether watching television away from post is within the scope of a BOP prison guard's duties. It is noted that Champion shows in his affidavit that the guard was reprimanded and suspended for having done so (Doc. 15); that statement has not been contested by the United States.

Therefore, the United States has not shown that the BOP guard exercised his discretion by making a decision that fell within the scope of his authority and duties. Assuming that Champion's allegations are true for purposes of this motion to dismiss, the United States is not entitled to immunity under the discretionary function exception to FTCA liability.

<u>Medical Care Claims</u>

Next, the United States argues it is entitled to a summary

judgment on Champion's medical malpractice claims.

The Public Health Service Act provides that an action against the United States under the Federal Tort Claims Act ("FTCA") is the exclusive remedy for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment.  42 U.S.C. § 233(a).  Thus, Congress has expressly made the FTCA an inmate's sole remedy for injuries received by Public Health Service officers acting within the scope of their employment.[1]  Schrader v. Sandoval, 203 F.3d 827 (5th Cir. 1999).

Under the FTCA, a plaintiff may recover monetary awards from the United States for injury, property loss, or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of employment.  The United

---

[1] The Public Health Service is not a qualified "health care provider" under the Louisiana MMA.  Defendants cite Owen v. United States, 935 F.2d 734, 737-38 (5th Cir. 1991), cert. den., 502 U.S. 1031, 121 S.Ct. 870 (1992), for the proposition that the MMA applies.  However, in that case the Fifth Circuit held only that, although the United States is not a "health care provider" as defined under the MMA, the $500,000 cap on damages nonetheless applied to the Government because the Government is in "like circumstances" as private health care providers.  Owen, 935 F.2d at 737-38.  Neither the Fifth Circuit nor any other court held that the Louisiana MMA applies to the Public Health Services/Bureau of Prisons/United States of America.  See See Williams v. O'Neill, 1999-2575 (La. App. 4th Cir. 3/13/2002), 813 So.2d 548 n.1, writ den., 2002-C-1029 (La. 5/24/2002), 816 So.2d 859.

States may be held liable only if the conduct complained of amounts to negligence in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b). Substantive state law determines whether a cause of action exists. Johnston, 85 F.3d at 219. Accordingly, Champion's claim of negligent medical care should be evaluated in accordance with Louisiana tort law.

To prevail on a negligence claim under La. Civil Code arts. 2315 and 2316, a plaintiff must prove five separate elements: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant failed to conform his conduct to the appropriate standard (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) actual damages (the damages element). Brown v. Lee, 94-104 (La.App. 5 Cir. 7/13/94), 639 So.2d 897, 898-899, writ den., 94-2127 (La. 11/18/94), 646 So.2d 378, citing Roberts v. Benoit, 605 So.2d 1032 (La. 1991); Fowler v. Roberts, 556 So.2d 1, 4 (La. 1989); Scott v. State, 618 So.2d 1053 (La. App. 1st Cir.), writ den., 620 So.2d 881 (La. 1993). Also, La.C.C. art. 2315.

La.R.S. 15:751 imposes a duty to provide reasonable medical care for prisoners. The standard of care imposed under Louisiana

law for providing for the medical needs of inmates is that those services be reasonable. <u>Elsey v. Sheriff of Parish of East Baton Rouge</u>, 435 So.2d 1104 (La. App. 1st Cir.), writ den., 440 So.2d 762 (La. 1983). Also, <u>Cole v. Acadia Parish Sheriff's Dept.</u>, 07-1386, (La. App. 3d Cir. 11/5/08), 998 So.2d 212, writ den., 2008-2875 (La. 2/6/09), 999 So.2d 784.

Defendants show, through the affidavit of Spencer Smith (Doc. 10-7), the Health Service Administrator for the Federal Correctional Complex in Pollock, Louisiana, that on February 26, 2008, at 3:13 a.m., Champion told the staff he had been assaulted and injured (Doc. 10-7). Smith's affidavit and Champion's medical records show that, at 6:15 a.m., Champion was medically evaluated and found to have three superficial wounds, on his right arm, left shoulder, and left thigh (Doc. 10-7). Smith's affidavit and Champion's medical records further show that Champion's wounds were cleaned and antibiotic ointment was applied; since the wounds were all superficial, no further medical tests or treatment (including stitches) were required (Doc. 10-7). Smith's affidavit and Champion's medical records show that, on February 29, 2008, Champion was examined again and prescribed Ibuprofen 600 mg. three times a day for fourteen days for his complaints of pain; on March 7, 2008, Champion complained his wounds itched but they were found to be healing well (Doc. 10-7).

Champion contends in his affidavit (Doc. 15) that he was not

9

given pain medication, a tetanus shot, or x-rays, but does not dispute the facts set forth by the defendant as to the medical care given (Docs. 1, 15). The medical staff determined that x-rays were not necessary for Champion's superficial wounds. Champion was given Ibuprofen for two weeks on February 29, 2008 due to continued complaints of pain. However, his wounds apparently were not of the type for which pain medication is normally given. Although the defendant did not address Champion's complaint that he was not given a tetanus shot, it is noted that Champion did not show his tetanus vaccination was not up-to-date and, further, that he did not develop lock jaw.

It is clear that Champion was expeditiously provided with all of the medical care for his injuries that was reasonably necessary under the circumstances. Pain medication for superficial wounds was not "reasonably necessary" (although it was given later), nor were x-rays. It is noteworthy that Champion's wounds healed normally.

Therefore, defendants' motion for summary judgment should be granted on Champion's medical care claim and Champion's claim should be dismissed with prejudice.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that defendant's motion to dismiss be GRANTED as to U.S. Attorney General Eric Holder and that Champion's action against Holder be

DENIED AND DISMISSED WITH PREJUDICE on all claims.

IT IS FURTHER RECOMMENDED that United States' motion to dismiss the action for lack of subject matter jurisdiction should be DENIED as to Champion's claims of negligence against the United States.

IT IS FURTHER RECOMMENDED that the United States' motion for summary judgment on Champion's medical care claim should be GRANTED and Champion's medical care claim should be DENIED AND DISMISSED WITH PREJUDICE.

IT IS FURTHER RECOMMENDED that Champion's "motion for summary judgment" (Doc. 15) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR,**

**FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 23rd day of July, 2010.

                                              _____
                                              JAMES D. KIRK
                                              UNITED STATES MAGISTRATE JUDGE

12